United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1631

_____

Alan Cobb,                                          *
                                                    *
            Appellant,                              *
                                                    *
      v.                                            *
                                                    *   Appeal from the United States
Chrysler Corporation; International                 *   District Court for the
Union, United Automobile, Aerospace                 *   Eastern District of Missouri.
& Agricultural Implement Workers of                 *
America, Local 110; International                    *      [UNPUBLISHED]
Union, United Automobile, Aerospace                 *
& Agricultural Implement Workers of                 *
America, Region 5,                                  *
                                                    *
            Appellees.                              *

_____

Submitted: April 28, 1998
Filed:  May 1, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

Alan Cobb appeals from the district court's[1] entry of summary judgment in favor of Chrysler Corporation (Chrysler); International Union--United Automobile, Aerospace and Agricultural Implement Workers of America, Region 5; and International Union--United Automobile, Aerospace and Agricultural Implement Workers of America, Local 110 (collectively with Region 5, UAW), in this action alleging that UAW breached its duty of fair representation and that Chrysler breached the collective bargaining agreement. We affirm.

After Chrysler discharged Cobb for an unauthorized, unexcused absence, UAW filed a grievance on behalf of Cobb, which it later withdrew. Cobb did not attempt to appeal the grievance withdrawal until after the thirty-day time period in which to do so, as provided by the UAW's Constitution. We thus agree with the district court that Cobb failed to timely exhaust his internal union remedies. See Clayton v. Automobile Workers, 451 U.S. 679, 687-89, 694-96 (1989) (generally, prior to commencing action alleging union breached duty of fair representation and employer breached collective bargaining agreement in federal court, employee must exhaust internal union remedies).

We further conclude that Cobb's additional arguments on appeal are without merit.

The judgment is affirmed.

_____

[1]The Honorable Edward L. Filippine, United States District Judge for the Eastern district of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.